## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                            No. CR 03-1890 JB

JOSE MORALES-GONZALES,

      Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the United States' Motion for Competency Evaluation, filed September 2, 2004 (Doc. 168).  The primary issue is whether the Court should find the Defendant, Jose Morales-Gonzalez, incompetent to stand trial and, if so, whether to commit him to the Attorney General's custody for psychiatric examination.  Because the Court finds, on the record before it at this time, that Morales-Gonzales is not competent to stand trial at this time, the Court will grant the motion for a competency evaluation.

### PROCEDURAL BACKGROUND

On July 12, 2004, the Court entered an order, pursuant to Morales-Gonzales' motion, allowing Dr. Susan Cave of Albuquerque, New Mexico to conduct a mental evaluation.  On August 30, 2004, the United States received Dr. Cave's report.  According to her report, she met with Morales-Gonzales once to conduct her mental evaluation.

Dr. Cave concluded that Morales-Gonzales is not competent to stand trial.  The United States has reviewed her mental evaluation, the audiotape recordings of Morales-Gonzales discussing drug related matters with others during the course of the wire interceptions, his high school record, and

his post arrest interview with Agent Davis.  The United States believes that Morales-Gonzalez is malingering and may be competent to stand trial.

The United States requests that the Court enter an order, pursuant to 18 U.S.C. § 4241, directing Morales-Ortiz to surrender to the United States Marshal's custody so that they may commit him to custody of the Bureau of Prisons in Springfield, Missouri.  The Bureau of Prisons will then have its mental health experts conduct a psychological examination to determine Morales-Gonzales' mental competency.  In the alternative, the United States asks that, given Dr. Cave's findings, the Court enter an order pursuant to 18 U.S.C. § 4241(d) for Morales-Gonzales to be committed to the custody of the Bureau of Prisons for a period of ninety days for medical experts to conduct a long-term evaluation to determine whether Morales-Gonzales is competent to stand trial.  The United States further requests that the Court find the ends of justice and good cause require the waiving of Morales-Gonzales' speedy trial rights pursuant to 18 U.S.C. § 3161(h)(8).

## LAW REGARDING MENTAL EXAMINATIONS

Under 18 U.S.C. § 4241(a), on the defendant's, the Government's, or the court's own motion, the trial court must order a hearing to determine the defendant's competency to stand trial if there is reasonable cause to believe that the defendant is incompetent.  Section 4241(b) provides that the court may order a psychological examination pursuant to 18 U.S.C. §§ 4247(b) and (c) before the hearing.  Section 4241(c) requires the competency hearing to be conducted pursuant to 18 U.S.C. § 4247(d), which provides for representation of the defendant by counsel, an opportunity for him to testify, to present evidence, to subpoena witnesses on his behalf, and the opportunity to confront and to cross-examine witnesses.  The court then makes its determination and disposition pursuant to 18 U.S.C. § 4241(d).

Section 4241(d) of Title 18 reads:

(d) Determination and disposition.  If, after the hearing, the court finds by a
preponderance of the evidence that the defendant is presently suffering from
a mental disease or defect rendering him mentally incompetent to the extent
that he is unable to understand the nature and consequences of the proceedings
against him or to assist properly in his defense, the court shall commit the defendant
to the custody of the Attorney General.  The Attorney General shall hospitalize the
defendant for treatment in a suitable facility –

> (1) for such a reasonable period of time, not to exceed four months, as is necessary
> to determine whether there is a substantial probability that in the foreseeable future
> he will attain the capacity to permit the trial to proceed; and
> (2) for an additional reasonable period of time until –
>> (A) his mental condition is so improved that trial may proceed, if the court
>> finds that there is a substantial probability that within such additional period
>> of time he will attain the capacity to permit the trial to proceed; or
>> (B) the pending charges against him are disposed of according to law;
> whichever is earlier.

If, at the end of the time period specified, it is determined that the defendant's mental
condition has not so improved as to permit the trial to proceed, the defendant is subject to the
provisions of section 4246 [18 U.S.C. § 4246].

18 U.S.C. § 4241(d).

18 U.S.C. § 4246 specifies the procedures the court must follow in the case of a person who

has been committed pursuant to § 4241(d) (or who is due for release) but is suffering from a mental

disease or defect as a result of which his release would create a substantial risk of bodily injury to

another person or serious damage to the property of another, and suitable arrangements for state care

and custody of the defendant are not available.  Upon certification to this effect by the director of the

facility where the defendant is hospitalized, the court must order a hearing on the dangerousness

issue.  See 18 U.S.C. § 4246(c).  As with § 4241, the court may order a pre-hearing psychological

examination under §§ 4247(b) and (c), and it must conduct the hearing pursuant to § 4247(d).  See

18 U.S.C. §§ 4246(b), (c).  If the court finds the defendant to be incompetent and dangerous, it must

release him to the custody of the Attorney General.  See 18 U.S.C. 4246(d).  The Attorney General

must then release the defendant to the custody of the state in which he is domiciled or was tried.  <u>See</u> <u>id.</u>  If the state will not accept the defendant, the Attorney General must hospital him until the state will assume such responsibility or until the defendant is no longer dangerous.  <u>See</u> <u>id.</u>  The Attorney General shall periodically exert all reasonable efforts to cause a state to assume responsibility.  <u>See</u> <u>id.</u>

In <u>United States v. Shawar</u>, 865 F.2d 856 (7th Cir. 1989), the district court found the defendant mentally incompetent to stand trial.  <u>See id.</u> at 858.  The district court refused to commit the defendant to the Attorney General and dismissed the charges.  <u>See id.</u>  The United States Court of Appeals for the Seventh Circuit reversed and remanded with directions.  <u>See id.</u> at 857.

The Seventh Circuit held that a district court finding the defendant incompetent to stand trial has no discretion not to commit the defendant to the Attorney General's custody under the Insanity Defense Reform Act.  <u>Id.</u> at 859.  This Act states that a court finding a defendant incompetent shall commit defendant to the Attorney General's custody for a reasonable period of time not to exceed four months to determine whether there is substantial probability that the defendant will attain capacity to stand trial.  <u>See id.</u> at 859 ("[T]he statutory scheme established by Congress clearly mandates that a defendant found to be incompetent be placed in a mental hospital for observation.")(internal citations omitted); <u>id.</u> at 863 ("[T]he language of § 4241(d) on commitment is mandatory, not discretionary."); 18 U.S.C. § 4241(d).  "The statute plainly states that 'the court shall commit the defendant to the custody of the Attorney General [who] shall hospitalize the defendant for treatment . . . ."  <u>United States v. Shawar</u>, 856 F.2d at 860 (quoting 18 U.S.C. §4241(d)). The Seventh Circuit also looked, in a footnote, at the legislative history, and found that it confirmed its reading of the statute:

-4-

The legislative history is equally unambiguous (and equally terse) on this point.  It says, "if the court makes a finding of competency, it must then commit the defendant to the custody of the Attorney General . . . ," S.Rep. No. 225 at 236, U.S. Code Cong. & Admin. News 1984, p. 3418 (emphasis added).  See also In re Newchurch, 807 F.2d 404, 410 (5th Cir. 1986)(provision in § 4247(b) providing that district judge *may* make temporary commitment for examination purposes makes power discretionary, not mandatory, because word "may," not "shall," was used).  Thus, there is no need to apply, as the Supreme Court was forced to do in Greenwood, "the canon of construction of the wag who said, when the legislative history is doubtful, go to the statute." 350 U.S. at 374 . . . .

United States v. Shawar, 856 F.2d at 860 n.4 (emphasis in the original).

As the Shawar Court stated: "The plain meaning of [18 U.S.C. § 4241(d)] is, and we hold it to be, that once a defendant is found incompetent to stand trial, a district judge has no discretion in whether or not to commit him."  865 F.2d at 860.  The Seventh Circuit stated that Congress seems to have made the following crucial distinction:

The district judge has the power, by means of the competency hearing, to determine which defendants are competent to stand trial.  He retains full authority to deal with those defendants he deems competent to stand trial.  On the other hand, Congress has given authority over defendants declared incompetent by the district judge to the Attorney General.  This division of authority permits the district judge to carry out traditional federal judicial functions, and insures that the procedures used to commit the incompetent defendant to the custody of the Attorney General will comport with due process, yet recognizes the limitations on the federal courts in the field of mental health.  It does so by giving to the Attorney General the ability to seek treatment of incompetent defendants through appropriate state mental health procedures.  The statutory scheme also . . . gives the Attorney General the authority, if a defendant is found incompetent and committed to his custody, to conduct an in-depth evaluation of the defendant to assess the likelihood that he will regain competency and whether he is dangerous.

United States v. Shawar, 865 F.2d at 860-61 (internal citations omitted).

The Seventh Circuit stated the requirement that the defendant be committed to the Attorney General's custody is not limited to cases in which there is probability that there will be change in the defendant's mental condition.  See id. at 861 ("Our reading of 18 U.S.C. § 4241(d) is not only that

commitment is mandatory, but also that likelihood of recovery is not something to be considered by the district court in deciding whether to commit the defendant for the evaluation period."). The Seventh Circuit also stated that the defendant's likelihood of recovery to stand trial was not something the district court could consider in deciding whether to commit the defendant for evaluation. See id. ("The statute makes it clear . . . that once a defendant is found incompetent, the Government is entitled to an in-depth evaluation of him, in order to determine whether he is likely to recover."). As the Seventh Circuit explained:

> An in-depth evaluation of [the defendant] may be beneficial, given that the examinations of him were relatively brief and possibly hindered by cultural and language differences. Moreover, not to commit [the defendant], and to dismiss the case against him, would be to remove him from the system entirely. Thus, he might never receive proper mental care, whether at the hands of the federal government or of the state of Wisconsin.

865 F.2d at 861. The Court of Appeals stated the United States' failure to show that the defendant would improve with hospitalization did not permit the district court, under the Insanity Defense Act, to deny commitment to the Attorney General's custody and to dismiss the charges. See id.

The Court of Appeals also stated that the district court could not consider the defendant's dangerousness at the initial hearing for commitment of the defendant found incompetent to stand trial. See United States v. Shawar, 865 F.2d at 862; 18 U.S.C. §§ 4241, 4243(c),(e), 4246(a), 4247(c)(4)(C). Section 4242(d) "provides only that the court find that the defendant is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 865 F.2d at 862. See id. at 863. ("We hold that a judge who finds a defendant incompetent to stand trial under 18 U.S.C. § 4241 must commit him to the custody of the Attorney General."). The Seventh Circuit stated the dangerousness issue arises under the Insanity Defense

Reform Act only when the defendant has already been committed and the director of the facility certifies dangerousness for purposes of further commitment of the defendant found not guilty by reason of insanity.  See id. at 862.

The Eighth Circuit, in U.S. v. Ferro, concluded that all other circuits which have considered the issue have specifically held that the statute is mandatory.  United States v. Ferro, 321 F.3d 756, 761 (8th Cir. 2003)(finding that involuntary hospitalization was mandatory where district court had determined that defendant was incompetent); id. at 761 ("[U]pon our own reading of the statute, we conclude that after determining that a defendant is incompetent to stand trial, a district court is required to commit the defendant to the custody of the Attorney General for a reasonable period of time to evaluate whether treatment would allow the trial to proceed.").  See United States v. Filippi, 211 F.3d 649, 651 (1st Cir. 2000); United States v. Donofri, 896 F.2d 1301, 1302 (11th Cir. 1990)(holding that the statute is "mandatory" and that, once the district court found that the defendant was incompetent to stand trial, it did not have authority to circumvent his commitment to the custody of the United States Attorney General for hospitalization until it could be determined whether probability existed that the defendant would regain capacity to be tried); United States v. Azure, 279 F.Supp.2d 1093,1094 (D.N.D. 2003)("[T]he Eighth Circuit has specifically held that the district court does not have the discretion, prior to a reasonable period of hospitalization in the custody of the Attorney General, to determine whether the Defendant will likely attain the capacity to stand trial.")(citing United States v. Ferro, 321 F.3d at 761).

## ANALYSIS

"This Court must first determine, by a preponderance of the evidence, whether the Defendant suffers from 'a mental disease or defect rendering him mentally incompetent to the extent that he is

unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense'." United States v. Azure, 279 F.Supp. at 1094 (quoting 18 U.S.C. § 4241(a), (d)). If the Court concludes that Morales-Gonzales is competent, then the case will proceed to trial. See id. If the Court concludes that Morales-Gonzales lacks sufficient mental competency to proceed to trial, the statutory directive is clear. See id.; 18 U.S.C. § 4241(d). "[I]f there is a finding of incompetence to stand trial, there must be a period of hospitalization." United States v. Azure, 279 F. Supp.2d at 1095.

Based on the evidence in the record, the Court finds that Morales-Gonzales is not, at this time, mentally competent to participate in a judicial proceeding to determine the validity of the criminal charges filed against him; that Morales-Gonzales is not mentally competent to understand the nature and consequences of the proceedings against him; and that Morales-Gonzales is presently unable to properly assist in his defense. Dr. Cave's expert testimony establishes that Morales-Gonzales lacks the competence necessary to stand trial under the standards enumerated in 18 U.S.C. § 4241(d) and that Morales-Gonzales suffers from severe learning disabilities. The United States did not present expert testimony to rebut her opinions. The United States' pointing to evidence of Morales-Gonzales' role in the alleged drug conspiracy certainly raises some questions as to Morales-Gonzales' overall competence and functional capabilities. The weight of the evidence, however, supports a finding of incompetence to stand trial at this time.[1]

---

[1] This finding is not disturbed by the Supreme Court of the United States' holding in United States v. Sell, 539 U.S. 166 (2003). In Sell, the Court considered the constitutionality of administering medication involuntarily. Id. at 169. Unlike this case, however, the Defendant in Sell was in the Attorney General's custody for approximately two months before such an issue was raised, during which time there was adequate opportunity for an in-depth evaluation of the Defendant. Id. at 170-71. Because this Motion deals with committing the Defendant to the custody of the Attorney General, the holding in Sell's does not affect our analysis at this stage of the case.

**IT IS ORDERED** that, pursuant to 18 U.S.C. § 4241(d), the Court immediately remands the Defendant, Jose Morales-Gonzales, to the custody of the Attorney General to be hospitalized in a suitable facility for a reasonable period of time, not to exceed four months, to determine whether there is a substantial probability that, in the foreseeable future, Morales-Gonzales will attain the capacity to permit the trial to proceed and will be competent to stand trial.  The ends of justice and good cause require the waiving of Morales-Gonzales' speedy trial right pursuant to 18 U.S.C. § 3161(h)(8).

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney for the District
    of New Mexico
Erlinda O. Johnson
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Dorothy C. Sanchez
Albuquerque, New Mexico

      *Attorney for the Defendant*